†EDEN LEASE v. MARTHA DOWNEY ET AL.

1. DISTRIBUTEE'S RIGHT OF ACTION IS BARRED IN SIX YEARS FROM THIRTY DAYS AFTER ORDER OF DISTRIBUTION.

An action brought and prosecuted under secs. 6195 and 6199, Rev. Stat., by the distributees of a decedent's estate, to recover an unpaid balance remaining in the hands of the administrator, is barred by the Statute of Limitations, unless such action is commenced within six years after the expiration of thirty days from the date of the order of distribution made by the probate court. It is not a continuing and subsisting trust, but becomes a personal liability.

2. MISREPRESENTATIONS OF ADMINISTRATOR AS TO THE AMOUNT DO NOT SUSPEND OPERATION OF STATUTE.

The administrator's misrepresentation as to the amount found in the order of distribution does not prolong the time. The distributees had no right to rely upon them.

Error to the Court of Common Pleas of Seneca county.

MOORE, J.

On January 11, 1890, the defendant in error, Martha Downey, filed her petition in the probate court of Seneca county, as follows:

The defendant, Eden Lease, was, on July 27, 1874, by the said probate court, appointed administrator of the estate of John C. Bowland, deceased, and he thereupon duly qualified and entered upon the discharge of his duties as such administrator.

After said defendant entered upon the discharge of his duties as aforesaid, there came into his hands a large amount of assets to be administered, and on April 29, 1876, he filed in said court his final account of such administration.

Said final account was afterwards, on September 5, 1876, by the consideration of said court, duly settled, and said court then found that there remained in the hands of said Eden Lease, as such administrator, for distribution, a balance of eleven hundred and sixty-nine and 97-100 dollars, which balance said administrator was, on said September 25, 1876, by the consideration of said court, adjudged to pay over and distribute according to law.

The plaintiff is the widow of said John C. Bowland, deceased, and as such was entitled to receive of the said balance for distribution the sum of four hundred and fixty-six and 65-100 dollars.

The plaintiff had no actual notice of the filing and settlement of said final account, nor of the contents thereof.

Afterwards, on April 20, 1877, said Eden Lease informed the plaintiff that he had filed his final account as such administrator, and that the same had been duly settled; and he then and there represented to the plaintiff that the probate court had, on such final settlement, found a balance in his hands for distribution of $969.97, and that of said amount she was entitled to $386.99; and the plaintiff, relying upon the representations of said Eden Lease, and having no other knowledge on the subject, received from him said sum of $386.99, and gave him a receipt for the same in full of the amount due her as the widow of said deceased, as her distributive share of said estate on final settlement.

The plaintiff never knew that the representations of said Eden Lease were not correct, and that she had not received from him the full amount to which she was entitled, until some time in October, 1889; and immediately upon discovering said facts she demanded the balance still due her from said Lease, but he has neglected and refused to pay the same.

The plaintiff, therefore, prays judgment against said Eden Lease for the sum of $66.66, with interest thereon from said September 25, 1876, being the day when said money became due her, and for such other relief as she may be entitled to.

---

†This case in the supreme court was dismissed for failure to file a printed record, January 12, 1892.

Under sec. 6199, Rev. Stat., the cause was reserved and sent to the court of common pleas for trial.

The defendant Lease demurred to the petition.

First—Because the petition does not state facts sufficient to constitute a cause of action.

Second—That there is a defect of parties defendant.

This demurrer was overruled by the court below and exceptions noted.

The defendants, heirs at law of John C. Bowland, were, on motion of the plaintiff, permitted to file answers, in which they each by separate answer alleged the same cause of action on his and her behalf as alleged by the plaintiff. To this action of the court defendant Lease also excepted.

Defendant Lease then answered, admitting that he was appointed and qualified, as administrator, and as such made his final settlement as averred in the petition, and denied all the other averments.

He also plead in bar the statute of limitations.

Upon a trial of the case in the court below, a separate finding and judgment was had in favor of the plaintiff and of each of the defendants distributees of Bowland's estate for the amount claimed by each.

A motion for a new trial was overruled, and exceptions taken.

It is now sought to reverse the judgment of the court below. The important question relied upon, and to which argument is directed, is whether the plaintiff's cause of action is barred by the statute of limitations?

As first stated, this action was commenced on January 11, 1890. The petition avers, and it is also disclosed by the evidence, that Eden Lease, as administrator of Bowland's estate, filed his final account in the probate court of Seneca county on April 29, 1876. On September 25, 1876, the court passed upon the account, found the amount in the hands of Lease as administrator, and ordered the same to be distributed according to law. It appears from this that more than thirteen years elapsed from the time that the distributees of the estate had a right to demand and receive the money due them before this action was brought.

If after settlement of the estate and order of distribution, the amount due the distributees remains in the hands of the administrator as a subsisting and continuing trust, he cannot shield himself behind the statute of limitations. If, on the other hand, such claim exists against the administrator as a mere personal liability secured by his bond, the bar of the statute will prevail, 1st, if the action is brought against the person, as in this case, in six years, 2nd, if upon the bond of the administrator, in ten years.

In Ohio the settlement of the estate of a deceased person is provided for by statute. Such estate is settled in courts of law, and not of equity. The remedies provided for the distributees to recover their distributive shares are actions at law. The recovery had are judgments at law.

The statute provides, under secs. 6195 and 6197, that the distributee may proceed in the probate court to enforce payment by judgment and execution Section 6200 provides that the court of common pleas shall have concurrent original jurisdiction with the probate court to enforce payment of distributive shares, and such proceedings shall be had in all respects as in other civil actions.

Section 6211 provides for an action upon the bond.

I have noticed these provisions of the statute to show that the remedy of the distributee is an action at law provided for by statute, and not cognizable in a court of equity; that the recovery is a personal judgment to be enforced by execution at law. It would seem from this that when the estate is settled and distribution ordered, the trust terminates and the personal liability attaches. It at least is not a subsisting and continuing trust such as is excepted from the statute of limitations. Such are cognizable only in courts of equity. The case of Douglas v. Corry, in 46 O. S. 349, bears somewhat on this question. This was a case in which an attorney-at-law had collected money, and in order to avoid the

statute of limitations, it was claimed, as in the case at bar, that the relation of attorney and client was a confidential one; that the duty imposed by such relation gave rise to a continuing and subsisting trust in favor of the client, and is not within the statute. In disposing of the case, the court said: "That there are such trusts, is well recognized; but it is equally well settled that the trusts of this character are those technical and continuing trusts which are not recognized at law, but fall within the proper, peculiar and exclusive jurisdiction of a court of equity. This was decided in Kane v. Bloodgood, 7 Johns. Ch., after a most elaborate examination of the authorities by Chancellor Kent; and the rule as there stated has generally been followed in this country." And further, the court, in the same case, has this to say: "The provision of our code of procedure excepting from the statute of limitations 'the case of a continuing and subsisting trust,' sec. 4974, Rev. Stat., is simply an incorporation of this rule. The word 'trust' is frequently used in a very comprehensive sense; and, as is well said in Finney v. Cochran, to hold that the statute of limitations is not applicable to any case which may, even with propriety, be denominated a trust, would, in a great measure, defeat the plain and manifest intention of the legislature. No equitable relief is required in this case; and the remedy adopted is a plain action at law for money had and received, and is not then a case of a continuing and subsisting trust, cognizable only in equity."

In State v. Grigsby (supreme court of Missouri), 5 S. W. Rep. 39, Bruce, J., in rendering the opinion has this to say:

"While there is not entire uniformity in the decisions as to the time when the distributee's right of action accrues, yet all the cases will be found within the limit of this rule, that when the assets of the estate in the hands of the representative can be required for no other purpose than the discharge of the claims of the distributees or legatees, and their right to those assets has become fixed by law, a right of action accrues to such distributees or legatees on the bond for the failure of the executor or administrator to account for and distribute those assets."

In the case of an executor having assets in his hands, when all the debts of the estate have been paid, when all demands against it are barred by the lapse of time, when the time allowed by law for contesting the will has expired, when specific legacies have been paid, when all other trusts of the will have been discharged, and those assets are solely applicable to the discharge of residuary legacies, the right of the residuary legatee to institute an action on the bond of the executor accrues for the failure of such executor to discharge such legacies to the extent of the assets in his hands applicable thereto,—in other words, when the sole duty of the executor is to pay over to the residuary legatees the assets in his hands, and he fails to do so,—the trust under which he theretofore held the assets of the estate may be regarded as discontinued, his further holding being inconsistent with the rights of the beneficiaries of that trust; and their right of action at law upon the bond for his breach of duty is complete. This is a salutary principle, tending alike to conserve the interests of the beneficiaries of an estate, and to protect the sureties of an executor from risks not contemplated when they incurred their legal obligations. Each had a right to rely upon a prompt settlement of the estate in the probate court, and the rights of neither should be impaired, nor their burdens increased, by the failure on the part of such court to discharge its duty, or the possible inefficiency of the proceedings therein to secure those rights.

The averment of the petition relating to the representation made by Lease of the amount due the distributees being less than what was in fact due them, etc., are not such as will take the case out of the statute of limitations. The distributees had no right to rely upon such statement. The record of the probate court was open to their inspection, and upon that they should have relied.

The court below erred in overruling the demurrer to the petition, and in rendering judgment for the plaintiffs and cross-petitioners.

The judgment below will be reversed, and the petition and cross-petition dismissed.

J. K. Rohn, for plaintiff in error. |

J. F. Bunn, for defendants in error.