## NAPLES v ROBERTS· et

Ohio Appeals, 5th Dist, Delaware Co

Decided April 12, 1932

Hamilton & Kramer, Columbus, and Arthur W. Wiles for plaintiff in error.

F. M. Marriott, Delaware, for defendants in error.

SHERICK, PJ.

It is evident from the petition's averments that the plaintiff's claim is based on the theory of a continuing and subsisting trust, against which limitations do not run. It is further apparent that the plaintiff charges that the defendants, as legatees, have received that portion of the estate to which she says she is entitled. We specially note this admitted fact for the reason that the reply otherwise avers, in that it is there alleged that this sum was fraudulently diverted and paid to other persons. These claims are directly at variance, both cannot be true, and the theory of the petition is departed from in the reply. We further remark that the claim of the petition admits the truth of the order of distribution, and distribution made thereunder, while the reply denies its truth and says that it speaks fraudulently.

It is therefore clear that in the respect indicated the reply is a departure from the plaintiff's theory as set forth in the petition. This is not permissible, and the trial court properly refused to consider the contention of the plaintiff that judgment could not be entered against her when there were facts in dispute, for the only facts not admitted were such as alleged in the departure. It must follow that the preliminary question raised by the plaintiff in this respect must be determined adversely to her.

Further considering the real question in this case, we note the plaintiff's claim "That there is no statute in this state specifically providing that an action of this kind could be barred by the statute of limitations." Two sections of the General Code are drawn into question. The first, §10848 GC, is as follows: "After thirty days from the time of the settlement of the account of an executor, administrator, or guardian is made, and an order of distribution made thereon by the Probate Court,

if such executor * * * neglects or refuses to pay a person interested in such order distribution as creditor, legatee, * * * or otherwise when demanded, his or her share of the estate or property ordered to be distributed, the person so interested may file a petition * * * against the executor. * * *"

Sec 10870, GC, provides:

"Such suit also may be brought by a legatee, after he is entitled to the payment of his legacy * * * or other distributee, to recover her share of the personal estate, after an order of the court, ascertaining the amount due to her, if the executor or administrator neglects to pay it when demanded."

These sections have been considered in **Henry, Exr. v Doyle, Exr., 82 Oh St, 113,** 91 NE 990, 137 Am. St. Rep. 769. Therein, at page 119 of 82 Oh St, 91 NE 991, 137 Am. St. Rep. 769, it is held that a demand upon and a neglect or refusal to pay are "jurisdictional facts, which are necessary to confer the right to sue." Therefrom it is argued that until demand is made no legal liability can arise against the executor, and that, if the demand is an essential part of the cause of action, limitations do not run until such demand is made. In support of this view, we are cited to the case of **Keithler v Foster, 22 Oh St 27.** This authority further holds that, when demand is not made, it shall be presumed to have been made on the last day of the statutory bar.

The defendants meet this argument and authority with the charge that it was plaintiff's duty to commence her action within six years after the expiration of thirty days from the date of the order of distribution, and cite in support thereof **Lease v Downey, 3 Ohio Cir. Dec.** 235, Duhme, Admr. v Mehner, 3 Ohio N. P. 266, and **Webster v American Bible Society, 50 Oh St, 1,** 33 NE 297. In the last-styled case it is held: "An action to recover the amount of a general pecuniary legacy, with respect to which the executor is not charged with any duty except to pay it out of the assets when due, is not founded on a continuing and subsisting trust, nor exempt from the operation of the statute of limitations. * * *" From this it is apparent that Ohio has not followed the trust doctrine adhered to by some jurisdictions. The Webster case further holds that "the cause of action upon such a legacy accrues, when, by the terms of the will or rules of law, it becomes due and payable, and the executor has sufficient assets applicable thereto."

Sec 10848, GC, seems to provide an executor with a thirty-day period of grace in which he is immune from suit, but thereafter he is suable, provided demand has been made and neglect or refusal followed. It is the theory of our law pertaining to the administration of estates that they shall be quickly administered and terminated, and that the rights and titles derived from and through an estate be speedily brought to repose. It is equally approved of that one should be diligent in the prosecution of his or her claimed rights where there is no disability existing. We are of opinion that the fallacy of plaintiff's reasoning appears in that she says that the demand is an essential part of the cause of action. Proof of these facts do not prove her case, but are "jurisdictional facts, which are necessary to confer the right to sue," as stated in Henry v Doyle, supra. And as held in Webster v American Bible Society, supra, the cause of action accrued when by the rules of law the sum became due and payable.

The account of distribution was filed and approved April 29, 1919. Thirty days thereafter the legacy was by law due and payable, as then provided by §10848, GC. On September 2, 1919, the plaintiff was of legal age; and, in accordance with §11229, GC, the statute began to run as of that date. §11222, GC, provides that an action upon a liability created by statute, as is the plaintiff's claim, shall be brought within six years after the cause thereof accrued. It is therefore apparent that on September 2, 1925, the statute had run to its end, and the bar of the statute in this instance upon the admitted facts is a complete defense, and the court rightly sustained the defendants' motion for judgment on the pleadings, and that judgment is hereby affirmed.

LEMERT and MONTGOMERY, JJ, concur.